Kern, J., dissenting: Two things should be stressed in a consideration of this case: (1) it does not present the usual “family partnership” question, and (2) it does not involve the application of section 45 of the Internal Eevenue Code, under which the Commissioner might allocate income or deductions between the corporation and the partnership in order to clearly reflect the income of both, but involves the application of section 22 (a). In order to reach the result reached by the majority herein it is necessary to conclude that there was, in reality, no partnership in existence during the taxable years, regardless of who the partners were. For example, it would not be enough to conclude that the Friedlander sons were not bona fde partners; it would be necessary to conclude that there were not any bona -fide partners, and that even a partnership composed of Louis Friedlander and Perlman was a sham and without reality. My interpretation of the facts is that a partnership was formed by some of the petitioner’s stockholders, that petitioner transferred certain of its assets to the partnership, that the partnership paid petitioner for these assets, that the partnership used these assets in the conduct of the business for which it was formed, that the partnership actively carried on a business during the taxable years, that the income from this business was distributed to the partners, that petitioner corporation did not earn or receive this income, and that the assets of the partnership eventually went into the hands of another corporation, none of the stock of which was owned by petitioner. This being my interpretation of what I consider to be the pertinent facts, I am unable to agree with the conclusion of the majority that the partnership was a sham. The reality of a business organization is not to be tested by the motive leading to its formation, but by the purpose which it accomplishes and performs. See Estate of John B. Lewis, 10 T. C. 1080, 1088, affd. 176 F. (2d) 646. In the instant case, where the partnership took over a business and operated it for several years, it would appear to me to have been formed for a business purpose even though the motive of the individuals leading to its formation was to minimize taxes. The fact that the partnership acquired its assets from petitioner at a more reasonable price than it could have acquired similar assets from another source and the fact that the partnership was not composed of all of petitioner’s stockholders seem to me to be immaterial. Even though it be granted arguendo that the partnership was conceived in iniquity, nevertheless, it was conceived and came into being, and, in my opinion, it can not be disregarded as never having been in existence. The case of Miles Conley Co., 10 T. C. 754, affd. 173 F. (2d) 958, and the Buffalo Meter Co. case, the Chelsea Products, Inc., case and the Palm Beach Aero Corporation case, cited in the majority opinion, appear to me to be in basic conflict with the result reached by the majority herein. I therefore respectfully note my dissent. Arundell and Black, JJ., agree with this dissent.